# Court of Appeals
# of the State of Georgia

ATLANTA,  October 14, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0089. SCOTT AND SONS HOLDINGS, LLC. v. RES-GA TWO, LLC. et al.**

On September 2, 2014, the trial court entered an order granting Defendant Weissman, Nowack, Curry & Wilco, PC's motion for OCGA § 9-15-14 (b) attorney fees. Thirty-four days later, on October 6, 2014, Scott and Sons Holdings, LLC. filed this application for discretionary appeal, seeking review of that order. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  Scott and Sons Holdings argues that because it mailed its application, it is entitled to an additional filing time of three days pursuant to OCGA § 9-11-6 (e).  However, the filing date of an application for discretionary appeal is not calculated from the date of service of any type of notice upon the applicant; it is calculated from the date of entry of the order sought to be appealed.  See OCGA § 5-6-35 (a). Thus, OCGA § 9-11-6 (e), which applies only in cases where the prescribed filing time commences to run after the service of some type of notice or document upon the party seeking to appeal, does not apply to extend the time requirement for filing an application for discretionary appeal under OCGA § 5-6-35.  See *Akin v. Sanders*, 228 Ga. 251 (184 SE2d 660) (1971) (no additional three days in which to file notice of appeal). Accordingly, Scott & Sons Holdings' application for discretionary appeal is untimely and is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 10/14/2014

    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*